Filed 10/2/24  P. v. Patino CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063104 |
| v. | (Super. Ct. No. 06CF2498) |
| BENITO PATINO, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Benito Patino, Jr., of murder. He filed a resentencing petition under Penal Code section 1172.6, which the trial court denied on its face.[1] On appeal, his appointed counsel filed a no-issue brief, requesting we exercise our discretion to independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have found no arguable issues after reviewing the record. Thus, we affirm the court's order.

FACTS AND PROCEDURAL HISTORY

In April 2009, a jury found Patino guilty of first degree murder and participation in a criminal street gang. It also found he had committed the murder for the benefit of a criminal street gang and had intentionally discharged a firearm in the commission of the offense. Patino was sentenced to 50 years to life in prison. This division affirmed his conviction in *People v. Patino* (Nov. 24, 2010, G042255) [nonpub. opn.].

In July 2023, Patino filed a resentencing petition under section 1172.6. A public defender was appointed to represent him, and a prima facie hearing was held in September 2023. After the hearing, the court concluded Patino was ineligible for relief because the jury was not instructed on the felony-murder doctrine or the natural and probable consequences theory of murder.

Patino filed a notice of appeal following the denial of his section 1172.6 petition. His appointed counsel filed an opening brief that raised no arguable issues and asked this court to independently review the record under *Delgadillo*.

---

[1] All further undesignated statutory references are to the Penal Code.

2

On January 24, 2024, this Court issued an order granting Patino 30 days to file a supplemental brief. We also stated his appeal could be dismissed if he failed to file such a brief. Patino filed a brief on February 26, 2024. He argued, "on my felony complaint [it] says . . . I was convi[c]ted under the aforethought that I did unlawfully and with malice aforethought kill [the victim] a human being so for that I believe that I should get relief [under section 1172.6] . . . ." (Capitalization omitted.)

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95 [(now § 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

"On an appeal from the denial of a section 1172.6 petition, [if] . . . appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination,

3

including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) If no supplemental brief is filed, the appellate court has discretion to dismiss the appeal or conduct an independent review of the record. (*Ibid.*)

Based on our review of Patino's brief and our own independent review of the record, we agree with his counsel that there are no arguable issues. Patino could not have been convicted of murder under a felony murder or a natural and probable consequences theory. Thus, as explained below, his murder conviction is still valid under current law.

The jury was instructed on two different theories of murder: (1) Patino was the actual killer, or (2) he aided and abetted in the killing. No felony-murder instruction was given. As to the first theory, Patino is not entitled to relief under section 1172.6 if he was convicted as the actual killer. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1199.) As to the second theory, Patino is not entitled to relief if he *directly* aided and abetted the murder "'because a direct aider and abettor to murder must possess malice forethought.'" (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252.) "An accomplice who directly aids and abets the perpetrator in committing murder is liable for murder [following Senate Bill No. 1437] just as he or she was liable" prior to its enactment. (*People v. Lopez* (2024) 99 Cal.App.5th 1242, 1248.)

4

In contrast to direct aider and abettor liability, Patino could potentially be eligible for relief under section 1172.6 if he was convicted of murder as an aider and abettor under the natural and probable consequences doctrine. (*People v. Curiel* (2023) 15 Cal.5th 433, 449–450.) "'[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense) . . . .' Thus, under prior law, a defendant who aided and abetted an intended assault could be liable for murder, if the murder was the natural and probable consequence of the intended assault." (*Id*. at p. 449.)

Here, to the extent any jury members found Patino guilty of murder under an aiding and abetting theory, it is clear they convicted him as a direct aider and abettor and not under a natural and probable consequences theory. Among other things, the prosecution's theory during trial was that Patino was either the actual killer or was a direct aider and abettor of the murder. Likewise, the jury was not instructed on a natural and probable consequences theory of murder. Nor was the jury instructed on any other theory that would have allowed it to impute an intent to kill on Patino based on his participation in another offense. "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief [under section 1172.6] as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [defendant ineligible for 1172.6 resentencing where "the jury was not instructed on any theory of liability for murder . . . that required that malice be imputed to him"].)

5

Since Patino could only be convicted of murder as the actual killer or as a direct aider and abettor, he is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The trial court's order is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.

6